UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:13-cv-1400-ORL-28KRS

TIMOTHY HAIGHT, an individual, on
behalf of himself and all others similarly situated,

    Plaintiff,

v.

BLUESTEM BRANDS, INC., d/b/a FINGERHUT,
a Delaware Corporation,

    Defendant.
_____/

# PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

## INTRODUCTION

Plaintiff, TIMOTHY HAIGHT, through the undersigned counsel, hereby files his Motion For Class Certification against Defendant BLUESTEM BRANDS, INC., d/b/a FINGER HUT ("Fingerhut"). For the reasons stated herein, Plaintiff also respectfully requests the Court defer any briefing or hearings related to this Motion, and not rule on this motion until such time as the parties have had an adequate opportunity to conduct discovery and submit appropriate memoranda of law on the issue of class certification.

On behalf of herself and all others similarly situated, Plaintiff asserts claims against Defendant for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

---

[1] The present motion is being filed solely to prevent any individual "buy off" of the putative class representative. *See generally, Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-95 (7th Cir. 2011); *Krzykwa v. Phusion Projects, LLC*, 2012 WL 6965716, *2 (S.D.Fla. Mar 22, 2012); *cf. Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir. 1978) (declaring that the "notion that a defendant may short-circuit a class action by paying off the class representatives ... deserves short shrift."); N.B. Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, by and through counsel, hereby respectfully move the Court for an Order certifying the Rule 23 Class the following class or such other classes or subclasses as may be appropriate:

> *All subscribers nationwide who Defendant or some person on Defendant's behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention and/or a prerecorded/artificial voice, where Defendant obtained the phone number from some source other than directly from the called party, where any call was made between and including a date four years prior to the filing of this Complaint, ongoing.*
>
> *Plaintiff alleges a subclass of person whose phone numbers were obtained through a third part, such as a skip trace service.*[2]

## ARGUMENT

While the law in this Circuit does not allow a defendant to moot a class representative's claim, a similar issue was recently before the Supreme Court. In *Genesis Healthcare v. Symczyk* (No. 11-1059, April 16, 2013), the Supreme Court held that when the individual claim of a plaintiff in an FLSA collective action becomes moot, that plaintiff can no longer serve as the lead plaintiff in a collective action. Because the *Genesis* Court held that "Rule 23 actions are fundamentally different from collective actions under the FLSA" it did not resolve whether a Rule 68 Offer moots a Rule 23 class plaintiff's claim. *Id.* at 6. Further, the *Genesis* plaintiff conceded that a Rule 68 Offer mooted his collective action claim. *Id.* at 5. As such, the Court went on to hold that since the plaintiff's claim was mooted, the case must be dismissed for lack of subject matter jurisdiction. *Id.* at 11.

While plaintiff does not concede that *Genesis* would allow attempts to moot the names plaintiff's claims in a Rule 23 class action, similar cases are being considered by the Court and it

---

[2] Excluded from the class/subclass are the Defendant, its legal representatives, assigns, and successors, and any entity in which the Defendant has a controlling interest. Also excluded from the Class is the judge to whom this case is assigned as well as the Judge's immediate family. Plaintiff reserves the right to amend the above-stated Class definition based upon facts learned in discovery.

is possible the Court will adopt the reasoning of the Seventh Circuit in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-95 (7th Cir. 2011) ("[A] plaintiff cannot avoid mootness by moving for class certification after receiving an offer of full relief").

*Damasco* and other case law (and in the absence of any clear guidance from the Supreme Court) presents a dilemma for Plaintiff as to how best to avoid being "picked off" by a defendant seeking to evade class-wide liability. The Seventh Circuit described this dilemma as the "buy-off problem," but also identified a "simple solution": "Class-action plaintiffs can move to certify the class at the same time that they file their complaint." *Damasco*, 662 F.3d at 896. The pendency of that motion then protects a putative class from any attempts to buy-off the named plaintiffs. *Id*. In recognition of the fact that motions for class certification often require extensive discovery and investigation, the *Damasco* Court further suggested that the plaintiffs "also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

In light of the above, and Plaintiff's desire to certify a class in this matter in any event, Plaintiff respectfully requests that the Court grant this motion. Doing so will preserve the appropriate interests of the parties and the putative class members, and will allow the Court to establish a reasonable schedule for briefing the class certification motion in full.

As shown below, it is apparent from the information already known that this case is suitable for class treatment. Because the case is still in its infancy, Plaintiff has requested leave to file a memorandum in support of class certification.

### THE CLASS SATISFIES THE REQUIREMENTS FOR CLASS CERTIFICATION

#### A. NATURE OF THE CASE

In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (Jan. 4, 2008). The FCC "emphasize[d] that prior express consent to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

In the same Declaratory Ruling, the FCC emphasized that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on

whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.") *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

At issue in this case are the unwanted robocalls Defendant placed to Plaintiff *despite having never consented to receipt of such calls from Fingerhut*. Defendant continued to place auto-dialed calls after receiving instructions Plaintiff to cease sending such actions. Plaintiff's instructions were clear and unequivocal "instructions to the contrary," consistent with the 1992 FCC Order, *In re Rules & Reg's Implementing the Tel. Consumer Prot. Act of 1991,* 7 F.C.C.R. 8752 (1992).

B. **RULE 23 IS SATISFIED**

All requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied in the class. The class is so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1). Defendant maintains a significant presence throughout the United States. Fingerhut, according to its website, www.fingerhut.com, has helped millions of people purchase everything from furniture and bedding to jewelry to the latest electronics, all with affordable low monthly payments. Fingerhut, well known for its historically *generous* credit terms, likely extends credit to tens of thousands of people who eventually default on their payment obligations. Given the substantial likelihood these tens of thousands of people were contacted regarding their delinquent balances through Fingerhut's text messaging efforts, it is patently obvious that there is no practical way to collect upon its delinquent accounts without the use of an automatic telephone dialing system.

Plaintiff cannot at this time determine the exact number of Class members in this action, but based upon the substantial market share enjoyed by Fingerhut, its use of dialers to send text messages, and the sheer number of consumers who are the likely targets of Defendant's unlawful calls, Plaintiff reasonably believes a class well in excess of the minimum forty people exists. Given Defendant's extensive use of state-of-the-art telephony, skip trace technology, and the fact that millions of consumers have dealt with and made purchases from Fingerhut, there are likely thousands of putative class members.

At this point, it is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517, at *5-6, 1997 WL 139472, at *2 (N.D. Ill. Mar. 25, 1997) (quoting *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

There are questions of fact or law common to the class, which predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(a)(2), Fed. R. Civ. P. 23(a)(3). These common questions include the following:

    (a)    Whether Defendant's conduct is governed by the TCPA;

    (b)    Whether the calls made by the Defendant, as described herein, violated the TCPA;

(c) Whether the class members are entitled to treble damages based upon the willfulness of Defendant's conduct, and;

(d) Whether Defendant should be enjoined from engaging in such conduct in the future.

As an individual who received unwanted calls sent via an automatic telephone dialing system without his consent, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and have no interests antagonistic to any member of the Class. Fed. R. Civ. P. 23(a)(4).

Plaintiff has retained counsel who is experienced in pursuing class actions on behalf of consumers under the TCPA.

A class action is a superior method for the fair and efficient adjudication of this case. Fed. R. Civ. P. 23(b)(3). The claims brought by Plaintiff are shared by thousands of consumers. Fed. R. Civ. P. 23(a)(3). The resolution of all claims held by members of the classes in a single proceeding would promote judicial efficiency. Furthermore, members of the class may not be aware of their rights under the law to recover for Defendants' practices.

WHEREFORE, Plaintiff respectfully requests that this Court: enter and continue this motion until Defendant responds to class discovery, grant Plaintiff leave to file a memorandum of law in support of class certification, and subsequently enter an order certifying the class.

## CERTIFICATE OF CONFERRAL

This is a motion to "permit maintenance of a class action." Accordingly, no promotion conference is required.

Respectfully submitted,

*s/ Scott D. Owens*
Scott D. Owens, Esq.

        *Attorney for Plaintiff*
        664 E. Hallandale Beach Blvd.
        Hallandale, Florida 33009
        Tel: 954-589-0588
        Fax: 954-337-0666
        scott@scottdowens.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on September 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

        By: s/ Scott D. Owens
        **Scott D. Owens, Esq.**